The People of the State of New York, Respondent, 
against
Clarence Hodrick, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (James M. Burke, J.), rendered January 19, 2011, after a nonjury trial, convicting him, of criminal possession of marihuana in the fifth degree and unlawful possession of marihuana, and imposing sentence.




Per Curiam.
Judgment of conviction (James M. Burke, J.) rendered January 19, 2011, modified, on the law, to vacate defendant's conviction of criminal possession of marihuana in the fifth degree and to dismiss the count of the accusatory instrument relating thereto and, as modified, affirmed.
The misdemeanor information was jurisdictionally defective as to the criminal possession of marihuana in the fifth degree charge (see Penal Law §§ 221.10[1]), since the allegation that defendant possessed marijuana "on the side of the building at [a specified address]" is, without more, insufficient to satisfy the "public place" element of the charged crime (see Penal Law § 240.00[1]). The People's pleading "could have more precisely pleaded the public nature of defendant's location by alleging that he was standing on a sidewalk or in a park, when the officer saw him holding . . . marihuana" (People v Afilal, 26 NY3d 1050, 1052 [2015]; see People v Jackson, 52 Misc 3d 130[A], 2016 NY Slip Op 50945[U] [App Term 1st Dept 2016]).
We note that defendant does not now challenge his conviction for unlawful possession of marihuana, an offense that does not contain a "public place" element (see Penal Law § 221.05).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 26, 2016